```
IN THE UNITED STATES DISTRICT COURT FOR THE
         EASTERN DISTRICT OF OKLAHOMA
```

MARTHA M. SEMORE,            )
                             )
         Plaintiff,          )
                             )
v.                           )    Case No. CIV-12-246-KEW
                             )
CAROLYN W. COLVIN, Acting    )
Commissioner of Social       )
Security Administration,     )
                             )
         Defendant.          )

## OPINION AND ORDER

Plaintiff Martha M. Semore (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on February 22, 1963 and was 47 years old at the time of the ALJ's decision. Claimant completed her education through the seventh grade. Claimant has no past relevant work. Claimant alleges an inability to work beginning September 11, 2001 due to limitations resulting from neck pain, shoulder pain, low back pain, hip pain, leg pain and numbness, and hepatitis C.

## Procedural History

On July 14, 2009, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On November 5, 2010, an administrative hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma. On January 27, 2011, the ALJ issued an unfavorable decision. On April 17, 2012, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly consider all of the medical evidence; (2) failing to include and consider all of Claimant's impairments; and (3) performing an improper credibility analysis.

**Consideration of Other Medical Evidence**

4

In his decision, the ALJ found Claimant suffered from the severe impairments of degenerative disk disease of the spine, status post two back surgeries; status post left arm surgery; depression; and borderline intellectual functioning. (Tr. 15). The ALJ determined Claimant retained the RFC to perform sedentary work except that Claimant was limited to simple, repetitive tasks and to have no more than incidental contact with the public. (Tr. 17). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of a assembler, misc. labor, and inspector/checker, which he found existed in sufficient number nationally and regionally. (Tr. 22). He, therefore, concluded Claimant was not disabled. (Tr. 23).

Claimant first contends the ALJ failed to properly evaluate all of the medical evidence contained in the record. Claimant raises this point in error in an odd fashion. He enumerates several exhibits and states the ALJ failed to reference them in the opinion without specifically stating how these exhibits would have changed the ALJ's decision or support a finding of disability other than to state that provide a "longitudinal picture of her complaints, diagnoses, and history." Additionally, Claimant generically refers to the number of pages which she alleges the ALJ failed to consider, again, without reference to the relevancy of these records to either the issues of disability or functional limitation. Certainly, it

5

is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-10 (10th Cir. 1996). To the extent the allegedly omitted records can be identified, this Court will address each.

Exhibit 1F is a consultative examination by Dr. Ravinder Kurella. He found Claimant has full range of motion of her back bilateral hip and knee joints, shoulder, elbow, and wrist joints, negative straight leg raising tests, dorsi-flexion of the great toe and dorsi-inversion of the foot were normal on both sides, and deep tendon reflexes were normal on both sides. (Tr. 181). Dr. Kurella found Claimant's gait was normal. Both heel walking and toe walking were also normal. (Tr. 182). This report in no way supports a finding of disability. Claimant's counsel is forewarned that this wholesale referencing of exhibits in the record which bear no relevancy to or support for disability does not assist the Court in its review and should be avoided in future filings.

Exhibit 5F is a treatment record by Dr. Humayun Tufail. The record shows Claimant complained of back pain. (Tr. 238). Claimant was given medication. (Tr. 242). Nothing remaining in this record supports Claimant's position.

Exhibit 6F is a consultative examination report of Dr. Ron Smallwood. (Tr. 262-65). Dr. Smallwood found Claimant was

moderately limited in the areas of the ability to understand and remember detailed instructions and the ability to carry out detailed instructions. (Tr. 262). The ALJ evaluated this Report and gave it "great weight." (Tr. 21). He also included a restriction in his RFC evaluation to accommodate the limitations found by Dr. Smallwood. Again, Claimant's reference to this report as being omitted by the ALJ from his consideration is simply wrong.

Exhibit 7F is Dr. Smallwood's Psychiatric Review Technique from November of 2009. He determined Claimant was moderately limited in his difficulties in maintaining, concentration, persistence, or pace. (Tr. 276). He noted Claimant had never sought mental health treatment and never taken medication for the condition. (Tr. 278). Claimant's argument to the contrary notwithstanding, this record was expressly considered by the ALJ and given "great weight" and was accommodated in the RFC. (Tr. 21).

Exhibit 10F is a medical record from February of 2010 where Claimant sought outpatient treatment for the excision of an abdominal mass. The mass had "no associated symptoms, weight loss or GI symptoms." (Tr. 290). This condition has not been alleged as a severe impairment or a condition causing functional limitations by Claimant.

Exhibit 11F is a consultative report from Dr. Suzanne Roberts. It is entirely unremarkable in its findings and does not support a

7

finding of disability. (Tr. 294).

Claimant references a report in which she states "[m]edical evidence supporting Claimant's neck and arm issues are reflected in the notes by Claimant's physical therapist at Exhibit 12F, which the ALJ ignored." Notes from the rehabilitation center used by Claimant showed she was diagnosed with left arm pain and numbness with decreased range of motion in the cervical spine. She experienced moderate difficulty preparing meals and walking up and down stairs while she could not drive a car, lift objects overhead, donning shoes and socks, and has difficulty getting in and out of the car. (Tr. 295). The rehab center found Claimant's symptoms were consistent with possible cervical radiculopathy. Claimant's strength was within normal limits - "5/5 throughout." Range of motion was found to be within normal limits. No deviations in her gait was found. Her potential for rehab was found to be "good." (Tr. 296). Nothing in these treatment and rehabilitation records would support a finding of functional limitations precluding the requirements of sedentary work.

Exhibit 13F are the treatment records of Dr. Brent Barnes for one week in September of 2010. The records concern Claimant's treatment for hepatitis C. Claimant has not alleged any functional limitations as a result of this condition.

Claimant next references the consultative examination by Dr.

William Cooper from September 17, 2009. In the specific record mentioned by Claimant in her brief, Dr. Cooper noted a difference in leg length and circumference of Claimant's arm. (Tr. 227). Claimant self-diagnoses the condition as atrophy. No physician has made this diagnosis nor has any functional limitation been attributed to the relatively small differences in size Claimant has noted.

Claimant also argues the ALJ failed to consider portions of the mental consultative report of Dr. Beth Jeffries dated September 19, 2009. Dr. Jeffries diagnosed Claimant with major depression, recurrent, severe; borderline intellectual functioning; and hepatitis C. (Tr. 235). She concluded her symptoms were fairly severe at that time. She was having sleep disturbance and very intense nightmares which were related to her depression. She had recurrent thoughts of death. Dr. Jeffries believed Claimant had a lower average to borderline intelligence, although she did not formally test Claimant. Claimant seemed to be isolating and withdrawing herself even from people with whom she was comfortable. Dr. Jeffries found Claimant's depression was "impacting her ability to perform occupationally and in social settings." (Tr. 235-36).

In evaluating Claimant's social functioning, Dr. Smallwood considered Dr. Jeffries' report and translated the examination findings into functional limitations in the PRT. (Tr. 278). Dr.

9

Smallwood took Claimant's depression and limitations in social functioning into consideration in reaching his findings. (Tr. 276, 278). He noted Claimant had never sought mental health treatment nor received medication for the condition. (Tr. 278). She reported no problems with her daily functioning and her thought processes were noted to be logical and goal directed. Her judgment and insight were intact. Id. This Court finds the ALJ took these reports into consideration and accommodated Claimant's restrictions in his RFC determination of sedentary work while limiting her to simple, repetitive tasks and no more than incidental contact with the public. (Tr. 17).

### Consideration of All Impairments

Claimant contends the ALJ should have considered the effects of the non-severe conditions of her neck impairment, shoulder pain, neuropathy, radicular pain and numbness, hepatitis C, and fatigue. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g.* Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the

condition), Madrid v. Astrue, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); Scull v. Apfel, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250, 1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).  Claimant has failed to meet her burden of establishing that these conditions limit her ability to engage in basic work activities.

With regard to the mental limitations and conditions with which Claimant was diagnosed, the ALJ adequately addressed and accommodated those condition in his RFC determination.  This Court attributes no error to the ALJ's analysis of Claimant's conditions and impairments.

**Credibility Determination**

Claimant contends the ALJ failed to perform an adequate evaluation of her credibility.  It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).  "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when

supported by substantial evidence. <u>Id</u>. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ makes the typical boilerplate finding which states "claimant's statements concerning the intensity, persistence and limiting effects of these alleged symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." As this Court has stated on numerous occasions, this rote statement reverses the appropriate analysis – the ALJ should be evaluating Claimant's testimony as evidence in

the case before reaching his RFC determination.  In reviewing the ALJ's credibility findings, however, he did not stop with this improper statement but then proceeded to make the required affirmative link between the objective medical record and his conclusions on Claimant's credibility.  (Tr. 18-21).  This Court finds the ALJ's credibility findings are supported by substantial evidence in the record.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied.  Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 23rd day of September, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE